1    AMY W. SCHULMAN
     DLA PIPER LLP
2    1251 Avenue of the Americas
     New York, NY 10020
3    Telephone:  (212) 335-4500
     Facsimile:  (212) 335-4501
4    amy.schulman@dlapiper.com

5    STUART M. GORDON (SBN: 037477)
     GORDON & REES LLP
6    Embarcadero Center West
     275 Battery Street, Suite 2000
7    San Francisco, CA 94111
     Telephone:  (415) 986-5900
8    Facsimile:  (415) 986-8054
     sgordon@gordonrees.com
9
     MICHAEL C. ZELLERS (SBN: 146904)
10   TUCKER ELLIS & WEST LLP
     515 South Flower Street, Suite 4200
11   Los Angeles, CA 90071-2223
     Telephone:  (213) 430-3400
12   Facsimile:  (213) 430-3409
     michael.zellers@tuckerellis.com
13
     Attorneys for Defendants
14   PFIZER INC., PHARMACIA CORPORATION, AND
     G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                    NORTHERN DISTRICT OF CALIFORNIA
17
                        SAN FRANCISCO DIVISION
18

19   IN RE CELEBREX AND BEXTRA        )  MDL Docket No. 1699
     MARKETING, SALES PRACTICES AND   )
20   PRODUCTS LIABILITY LITIGATION    )  CASE NO. 3:07-cv-02722-CRB
     ───────────────────────────────  )
     *This document relates to*       )
21                                    )  **PFIZER INC., PHARMACIA**
     ROBERT DUNPHY,                   )  **CORPORATION, AND G.D.**
22                                    )  **SEARLE, LLC'S ANSWER TO**
               Plaintiff,            )  **COMPLAINT**
23                                    )
          vs.                        )  **JURY DEMAND ENDORSED**
24                                    )  **HEREIN**
     PFIZER, INC., PHARMACIA CORPORATION, )
25   and G.D. SEARLE LLC,             )
                                      )
26             Defendants.           )
                                      )
27   ───────────────────────────────  )
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    ("Searle") (collectively "Defendants"), and file this Answer to Plaintiff's Complaint

4    ("Complaint"), and would respectfully show the Court as follows:

5                                                    I.

6                                    **PRELIMINARY STATEMENT**

7    The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8    Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally.

9    Defendants may seek leave to amend this Answer when discovery reveals the specific time

10   periods in which Plaintiff was prescribed and used Bextra®.

11                                                   II.

12                                               **ANSWER**

13                    **Response to Allegations Regarding Parties**

14   1.    Defendants admit that Plaintiff brought this civil action seeking monetary damages, but

15   deny that Plaintiff is entitled to any relief or damages.  Defendants admit that, during certain

16   periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

17   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

18   accordance with their approval by the FDA.  Defendants admit that, during certain periods of

19   time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

20   co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

21   providers who are by law authorized to prescribe drugs in accordance with their approval by the

22   FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Bextra® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

27   and deny the remaining allegations in this paragraph of the Complaint.

28   2.    Defendants are without knowledge or information sufficient to form a belief as to the

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

2    Defendants deny the remaining allegations in this paragraph of the Complaint.

3    3.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

4    business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

5    the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

6    Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

7    Bextra® in the United States, including Puerto Rico, to be prescribed by healthcare providers

8    who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

9    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

10   ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

11   such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in

12   this paragraph of the Complaint.

13   4.    Defendants admit that Searle is a Delaware limited liability company with its principal

14   place of business in Illinois.  Defendants admit that, during certain periods of time, Bextra®

15   was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted

16   and distributed Bextra® in the United States to be prescribed by healthcare providers who are

17   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

18   deny the remaining allegations in this paragraph of the Complaint.

19   5.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of

20   business in New Jersey.  Defendants admit that, during certain periods of time, Pharmacia

21   marketed and co-promoted Bextra® in the United States, including Puerto Rico, to be

22   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

23   with their approval by the FDA.  Defendants state that Plaintiff's allegations regarding

24   "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

25   information to form a belief as to the truth of such allegations, and, therefore, deny the same.

26   Defendants deny the remaining allegations in this Paragraph of the Complaint.

27   **Response to Allegations Regarding Jurisdiction and Venue**

28   6.    Defendants are without knowledge or information to form a belief as to the truth of the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    allegations in this paragraph of the Complaint regarding the amount in controversy, and,

2    therefore, deny that the same.  However, Defendants admit that Plaintiff claims that the amount

3    in controversy exceeds $75,000, exclusive of interests and costs.

4    7.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and

6    the amount in controversy, and, therefore, deny the same.  However, Defendants admit that

7    Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000,

8    exclusive of interests and costs.

9    8.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations in this paragraph of the Complaint regarding the judicial district in

11   which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny

12   committing a tort in the State of Florida or the State of California and deny the remaining

13   allegations in this paragraph of the Complaint.

14   9.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

15   and co-promoted Bextra® in the United States, including Puerto Rico, to be prescribed by

16   healthcare providers who are by law authorized to prescribe drugs in accordance with their

17   approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

18   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

19   distributed Bextra® in the United States to be prescribed by healthcare providers who are by

20   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

21   admit that they provided FDA-approved prescribing information regarding Bextra®.

22   Defendants admit that they do business in the State of Puerto Rico.  Defendants state that

23   Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.

24   Defendants are without knowledge or information to form a belief as to the truth of such

25   allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

26   remaining allegations in this paragraph of the Complaint.

27              **Response to Allegations Regarding Interdistrict Assignment**

28   10.   Defendants state that this paragraph of the Complaint contains legal contentions to

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

-4-

which no response is required.  To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**<u>Response to Factual Allegations</u>**

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

14.    Defendants admit that Bextra® was expected to reach consumers without substantial change from the time of sale.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants deny the remaining allegations this paragraph of the Complaint.

15.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants deny remaining the allegations in this paragraph of the Complaint.

2    16.    Plaintiff's Complaint omits Paragraph Number 16.

3    17.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-

4    steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that Bextra® was and is safe

5    and effective when used in accordance with its FDA-approved prescribing information.

6    Defendants state that the potential effects of Bextra® were and are adequately described in its

7    FDA-approved prescribing information, which was at all times adequate and comported with

8    applicable standards of care and law.  Defendants deny the remaining allegations in this

9    paragraph of the Complaint.

10   18.    The allegations in this paragraph of the Complaint are not directed toward Defendants

11   and, therefore, no response is required.  To the extent a response is deemed required,

12   Defendants state that Plaintiff fails to provide the proper context for the allegations in this

13   paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

14   form a belief as to the truth of such allegations and, therefore, deny the same.

15   19.    The allegations in this paragraph of the Complaint are not directed toward Defendants

16   and, therefore, no response is required.  To the extent a response is deemed required,

17   Defendants state that Plaintiff fails to provide the proper context for the allegations in this

18   paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

19   form a belief as to the truth of such allegations and, therefore, deny the same.

20          Answering the unnumbered paragraph following Paragraph 19 of the Complaint,

21   Defendants state that the allegations in this paragraph of the Complaint are not directed toward

22   Defendants and, therefore, no response is required.  To the extent a response is deemed

23   required, Defendants state that Plaintiff fails to provide the proper context for the allegations in

24   this paragraph of the Complaint.  Defendants therefore lack sufficient information or

25   knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

26   20.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the

27   Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth

28   of such allegations and, therefore, deny the same.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

21.    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

22.    Plaintiff does not allege having used Celebrex® in this Complaint.  Nevertheless, Defendants admit that Celebrex® was launched in the United States in February 1999.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

23.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA on January 15, 2001.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    this paragraph of the Complaint.

2    24.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

3    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

4    indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

5    arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

6    allegations in this paragraph of the Complaint.

7    25.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

8    is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

9    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

10    the remaining allegations in this paragraph of the Complaint.

11    26.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

12    is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

13    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

14    that Bextra® was and is safe and effective when used in accordance with its FDA-approved

15    prescribing information.  Defendants state that the potential effects of Bextra® were and are

16    adequately described in its FDA-approved prescribing information, which at all times was

17    adequate and comported with applicable standards of care and law.  Defendants deny the

18    remaining allegations in this paragraph of the Complaint.

19    27.    Defendants state that Bextra® was and is safe and effective when used in accordance

20    with its FDA-approved prescribing information.  Defendants state that the potential effects of

21    Bextra® were and are adequately described in its FDA-approved prescribing information,

22    which at all times was adequate and comported with applicable standards of care and law.

23    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

24    promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

25    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

26    that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

27    developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

28    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    with their approval by the FDA.  Defendants state that Plaintiff's allegations regarding

2    "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

3    information to form a belief as to the truth of such allegations, and, therefore, deny the same.

4    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

5    the Complaint.

6    28.    Defendants state that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants state that the potential effects of

8    Bextra® were and are adequately described in its FDA-approved prescribing information,

9    which at all times was adequate and comported with applicable standards of care and law.

10    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

11    promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

12    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

13    that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

14    developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

15    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

16    with their approval by the FDA.  Defendants deny any wrongful conduct and deny the

17    remaining allegations in this paragraph of the Complaint.

18    29.    Defendants state that the referenced article speaks for itself and respectfully refer the

19    Court to the article for its actual language and text.  Any attempt to characterize the article is

20    denied.  Defendants state that Bextra® was and is safe and effective when used in accordance

21    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

22    this paragraph of the Complaint.

23    30.    The allegations in this paragraph of the Complaint are not directed towards Defendants

24    and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

25    state that the referenced article speaks for itself and respectfully refer the Court to the article for

26    its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

27    the remaining allegations in this paragraph of the Complaint.

28    31.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

1    on January 15, 2001. Defendants admit that Bextra® was approved by the FDA, on November

2    16, 2001. Defendants deny any wrongful conduct and the remaining allegations in this

3    paragraph of the Complaint.

4    32.    Defendants state that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information. Defendants state that the potential effects of

6    Bextra® were and are adequately described in its FDA-approved prescribing information,

7    which at all times was adequate and comported with applicable standards of care and law.

8    Defendants deny the allegations in this paragraph of the Complaint.

9    33.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and

10   respectfully refer the Court to the Talk Paper for its actual language and text. Any attempt to

11   characterize the Talk Paper is denied. Defendants deny the remaining allegations in this

12   paragraph of the Complaint.

13   34.    Defendants state that the referenced article speaks for itself and respectfully refer the

14   Court to the article for its actual language and text. Any attempt to characterize the article is

15   denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

16   35.    Plaintiff fails to provide the proper context for the allegations concerning the "post-drug

17   approval meta-analysis study" in this paragraph of the Complaint. Defendants are without

18   sufficient information to confirm or deny such allegations and, therefore, deny the same.

19   Defendants state that the referenced study speaks for itself and respectfully refer the Court to

20   the study for its actual language and text. Any attempt to characterize the study is denied.

21   Defendants deny the remaining allegations in this paragraph of the Complaint.

22   36.    The allegations in this paragraph of the Complaint are not directed towards Defendants

23   and, therefore, no response is necessary. Should a response be deemed necessary, Defendants

24   state that the referenced article speaks for itself and respectfully refer the Court to the article for

25   its actual language and text. Any attempt to characterize the article is denied. Defendants deny

26   the remaining allegations in this paragraph of the Complaint.

27   37.    Defendants state that Bextra® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information. Defendants deny any wrongful conduct and

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

deny the remaining allegations in this paragraph of the Complaint.

38.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

39.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

40.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

41.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

42.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

43.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

44.     Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.   Defendants deny the remaining allegations in this paragraph of the Complaint.

45.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   46.    Defendants state that Bextra® was and is safe and effective when used in accordance

2   with its FDA-approved prescribing information.    Defendants deny the allegations in this

3   paragraph of the Complaint.

4   47.    Defendants state that the referenced article speaks for itself and respectfully refer the

5   Court to the article for its actual language and text.    Any attempt to characterize the article is

6   denied.    Defendants deny any wrongful conduct and deny the remaining allegations in this

7   paragraph of the Complaint.

8   48.    The allegations in this paragraph of the Complaint are not directed towards Defendants

9   and, therefore, no response is necessary.    Should a response be deemed necessary, Defendants

10  state that the referenced article speaks for itself and respectfully refer the Court to the article for

11  its actual language and text.    Any attempt to characterize the article is denied.    Defendants deny

12  the remaining allegations in this paragraph of the Complaint.

13  49.    Defendants state that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.    Defendants state that the potential effects of

15  Bextra® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants deny the allegations in this paragraph of the Complaint.

18  50.    Defendants state that Bextra® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.    Defendants state that the potential effects of

20  Bextra® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

23  allegations in this paragraph of the Complaint.

24  51.    Defendants state that Bextra® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information.    Defendants state that the potential effects of

26  Bextra® were and are adequately described in its FDA-approved prescribing information,

27  which was at all times adequate and comported with applicable standards of care and law.

28  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

the Complaint.

52.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the allegations in this paragraph of the Complaint.

53.     The allegations in this paragraph of the Complaint regarding Vioxx® are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx®.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

54.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

55.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

57.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent a letter to Pfizer dated January 10, 2005.  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied.  Defendants admit that the DDMAC sent a letter to Searle dated October 6, 1999.  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied.  Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to characterize the transcripts is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    paragraph of the Complaint.

2    58.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

3    is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

4    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

5    that the referenced press release speaks for itself and respectfully refer the Court to the press

6    release for its actual language and text.  Any attempt to characterize the press release is denied.

7    Defendants state that the referenced article speaks for itself and respectfully refer the Court to

8    the article for its actual language and text.  Any attempt to characterize the article is denied.

9    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10    the Complaint.

11    59.    Defendants state that the referenced press release speaks for itself and respectfully refer

12    the Court to the press release for its actual language and text.  Any attempt to characterize the

13    press release is denied.  Defendants deny any wrongful conduct and deny the remaining

14    allegations in this paragraph of the Complaint.

15    60.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

16    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

17    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

18    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

19    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

20    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

21    accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

22    effective when used in accordance with its FDA-approved prescribing information.  Defendants

23    state that the potential effects of Bextra® were and are adequately described in its FDA-

24    approved prescribing information, which was at all times adequate and comported with

25    applicable standards of care and law.  Defendants admit, as indicated in the package insert

26    approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

27    of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

28    dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

61.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

62.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

63.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

64.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3  the Complaint.

4  65.    Defendants state that Bextra® was and is safe and effective when used in accordance

5  with its FDA-approved prescribing information.  Defendants state that the potential effects of

6  Bextra® were and are adequately described in its FDA-approved prescribing information,

7  which was at all times adequate and comported with applicable standards of care and law.

8  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9  the Complaint.

10  66.    Defendants deny the allegations in this paragraph of the Complaint.

11  67.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

12  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

13  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

14  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

15  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

16  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

17  accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

18  effective when used in accordance with its FDA-approved prescribing information.  Defendants

19  state that the potential effects of Bextra® were and are adequately described in its FDA-

20  approved prescribing information, which was at all times adequate and comported with

21  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

22  remaining allegations in this paragraph of the Complaint.

23  68.    Defendants are without knowledge or information sufficient to form a belief as to the

24  truth of the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the

25  same.  Defendants state that the referenced press releases speak for themselves and respectfully

26  refer the Court to the press releases for their actual language and text.   Any attempt to

27  characterize the press releases is denied.  Defendants state that Bextra® was and is safe and

28  effective when used in accordance with its FDA-approved prescribing information.  Defendants

1    state that the potential effects of Bextra® were and are adequately described in its FDA-
2    approved prescribing information, which was at all times adequate and comported with
3    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the
4    remaining allegations in this paragraph of the Complaint.

5    69.    Defendants are without knowledge or information sufficient to form a belief as to the
6    truth of the allegations regarding and whether Plaintiff used Bextra® and, therefore, deny the
7    same.  Defendants state that Bextra® was and is safe and effective when used in accordance
8    with its FDA-approved prescribing information.  Defendants state that the potential effects of
9    Bextra® were and are adequately described in its FDA-approved prescribing information,
10   which was at all times adequate and comported with applicable standards of care and law.
11   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,
12   and deny the remaining allegations in this paragraph of the Complaint.

13   70.    Defendants state that Bextra® was and is safe and effective when used in accordance
14   with its FDA-approved prescribing information.  Defendants state that the potential effects of
15   Bextra® were and are adequately described in its FDA-approved prescribing information,
16   which was at all times adequate and comported with applicable standards of care and law.
17   Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining
18   allegations in this paragraph of the Complaint.

19   71.    Defendants state that Bextra® was and is safe and effective when used in accordance
20   with its FDA-approved prescribing information.  Defendants state that the potential effects of
21   Bextra® were and are adequately described in its FDA-approved prescribing information,
22   which was at all times adequate and comported with applicable standards of care and law.
23   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of
24   the Complaint.

25   72.    Defendants deny any wrongful conduct and deny the remaining allegations in this
26   paragraph of the Complaint.

27   73.    Defendants state that Bextra® was and is safe and effective when used in accordance
28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

74.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

**Response to First Cause of Action: Negligence**

75.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

76.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    deny the remaining allegations in this paragraph of the Complaint.

2    77.    Defendants state that this paragraph of the Complaint contains legal contentions to

3    which no response is deemed required.    To the extent a response is deemed required,

4    Defendants admit that they had duties as are imposed by law but deny having breached such

5    duties.    Defendants state that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.    Defendants deny the remaining allegations in

7    this paragraph of the Complaint.

8    78.    Defendants state that this paragraph of the Complaint contains legal contentions to

9    which no response is required.    To the extent that a response is deemed required, Defendants

10    admit that they had duties as are imposed by law but deny having breached such duties.

11    Defendants state that Bextra® was and is safe and effective when used in accordance with its

12    FDA-approved prescribing information.    Defendants state that the potential effects of Bextra®

13    were and are adequately described in its FDA-approved prescribing information, which was at

14    all times adequate and comported with applicable standards of care and law.    Defendants deny

15    any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

16    including all subparts.

17    79.    Defendants state that Bextra® was and is safe and effective when used in accordance

18    with its FDA-approved prescribing information.    Defendants state that the potential effects of

19    Bextra® were and are adequately described in its FDA-approved prescribing information,

20    which was at all times adequate and comported with applicable standards of care and law.

21    Defendants are without knowledge or information sufficient to form a belief as to the truth of

22    the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

23    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24    the Complaint.

25    80.    Defendants state that Bextra® was and is safe and effective when used in accordance

26    with its FDA-approved prescribing information.    Defendants state that the potential effects of

27    Bextra® were and are adequately described in its FDA-approved prescribing information,

28    which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    81.    Defendants state that Bextra® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny

5    that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

6    paragraph of the Complaint.

7    82.    Defendants state that Bextra® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Bextra® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12   the Complaint.

13   83.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

14   damage, and deny the remaining allegations in this paragraph of the Complaint.

15   84.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

16   damage and deny the remaining allegations in this paragraph of the Complaint.

17          Answering the unnumbered paragraph following Paragraph Number 84 of the

18   Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury

19   or damage, and deny the remaining allegations in this paragraph of the Complaint.

20          **Response to Second Cause of Action: Strict Liability**

21   85.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

22   Complaint as if fully set forth herein.

23   86.    Defendants are without knowledge or information sufficient to form a belief as to the

24   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

25   Defendants admit that Bextra® was expected to reach consumers without substantial change in

26   the condition from the time of sale.  Defendants admit that, during certain periods of time,

27   Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed

28   by healthcare providers who are by law authorized to prescribe drugs in accordance with their

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1   approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

2   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

3   distributed Bextra® in the United States to be prescribed by healthcare providers who are by

4   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

5   deny the remaining allegations in this paragraph of the Complaint.

6   87.    Defendants state that Bextra® was and is safe and effective when used in accordance

7   with its FDA-approved prescribing information.  Defendants state that the potential effects of

8   Bextra® were and are adequately described in its FDA-approved prescribing information,

9   which was at all times adequate and comported with applicable standards of care and law.

10  Defendants deny the allegations in this paragraph of the Complaint.

11  88.    Defendants state that Bextra® was and is safe and effective when used in accordance

12  with its FDA-approved prescribing information.  Defendants state that the potential effects of

13  Bextra® were and are adequately described in its FDA-approved prescribing information,

14  which was at all times adequate and comported with applicable standards of care and law.

15  Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

16  allegations in this paragraph of the Complaint.

17  89.    Defendants state that Bextra® was and is safe and effective when used in accordance

18  with its FDA-approved prescribing information.  Defendants state that the potential effects of

19  Bextra® were and are adequately described in its FDA-approved prescribing information,

20  which was at all times adequate and comported with applicable standards of care and law.

21  Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

22  allegations in this paragraph of the Complaint.

23  90.    Defendants state that this paragraph of the Complaint contains legal contentions to

24  which no response is required.  To the extent that a response is deemed required, Defendants

25  are without knowledge or information sufficient to form a belief as to the truth of the

26  allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants

27  state that Bextra® was and is safe and effective when used in accordance with its FDA-

28  approved prescribing information.  Defendants state that the potential effects of Bextra® were

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  and are adequately described in its FDA-approved prescribing information, which was at all

2  times adequate and comported with applicable standards of care and law.  Defendants deny that

3  Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this

4  paragraph of the Complaint, including all subparts.

5  91.    Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

7  Defendants state that Bextra® was and is safe and effective when used in accordance with its

8  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

9  were and are adequately described in its FDA-approved prescribing information, which was at

10  all times adequate and comported with applicable standards of care and law.  Defendants deny

11  that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this

12  paragraph of the Complaint.

13  92.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

15  Defendants state that Bextra® was and is safe and effective when used in accordance with its

16  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

17  were and are adequately described in its FDA-approved prescribing information, which was at

18  all times adequate and comported with applicable standards of care and law.  Defendants deny

19  that Bextra® is defective and deny the remaining allegations in this paragraph of the Complaint.

20  93.    Defendants state that this paragraph of the Complaint contains legal contentions to

21  which no response is deemed required.   To the extent a response is deemed required,

22  Defendants deny the allegations in this paragraph of the Complaint.

23  94.    Defendants state that Bextra® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendants state that the potential effects of

25  Bextra® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

28  caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the

1    Complaint.

2    95.      Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Bextra® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

7    allegations in this paragraph of the Complaint.

8    96.      Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

10   Defendants state that Bextra® was and is safe and effective when used in accordance with its

11   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

12   were and are adequately described in its FDA-approved prescribing information, which was at

13   all times adequate and comported with applicable standards of care and law.  Defendants admit

14   that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra®

15   in the United States to be prescribed by healthcare providers who are by law authorized to

16   prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during

17   certain periods of time, Bextra® was manufactured and packaged for Searle, which developed,

18   tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by

19   healthcare providers who are by law authorized to prescribe drugs in accordance with their

20   approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is defective,

21   deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this

22   paragraph of the Complaint.

23   97.      Defendants state that Bextra® was and is safe and effective when used in accordance

24   with its FDA-approved prescribing information.  Defendants state that the potential effects of

25   Bextra® were and are adequately described in its FDA-approved prescribing information,

26   which was at all times adequate and comported with applicable standards of care and law.

27   Defendants deny the remaining allegations in this paragraph of the Complaint.

28   98.      Defendants state that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  which no response is deemed required.  To the extent a response is deemed required,

2  Defendants admit that they had duties as are imposed by law but deny having breached such

3  duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

4  with its FDA-approved prescribing information.  Defendants state that the potential effects of

5  Bextra® were and are adequately described in its FDA-approved prescribing information,

6  which was at all times adequate and comported with applicable standards of care and law.

7  Defendants deny the remaining allegations in this paragraph of the Complaint.

8  99.    Defendants are without knowledge or information sufficient to form a belief as to the

9  truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

10  Defendants state that Bextra® was and is safe and effective when used in accordance with its

11  FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

12  were and are adequately described in its FDA-approved prescribing information, which was at

13  all times adequate and comported with applicable standards of care and law.  Defendants deny

14  the remaining allegations in this paragraph of the Complaint.

15  100.    Defendants state that Bextra® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

17  deny the remaining allegations in this paragraph of the Complaint.

18  101.    Defendants state that Bextra® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Bextra® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23  the Complaint.

24  102.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

25  damage, and deny the remaining allegations in this paragraph of the Complaint.

26  103.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

27  damage, and deny the remaining allegations in this paragraph of the Complaint.

28        Answering the unnumbered paragraph following Paragraph Number 103 of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury

2    or damage, and deny the remaining allegations in this paragraph of the Complaint.

3    **Response to Third Cause of Action: Breach of Express Warranty**

4    104.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

5    Complaint as if fully set forth herein.

6    105.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

8    Defendants state that Bextra® was and is safe and effective when used in accordance with its

9    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

10   were and are adequately described in its FDA-approved prescribing information, which was at

11   all times adequate and comported with applicable standards of care and law.  Defendants admit

12   that they provided FDA-approved prescribing information regarding Bextra®.  Defendants

13   deny the remaining allegations in this paragraph of the Complaint.

14   106.    Defendants are without knowledge or information sufficient to form a belief as to the

15   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

16   Defendants state that Bextra® was and is safe and effective when used in accordance with its

17   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

18   were and are adequately described in its FDA-approved prescribing information, which was at

19   all times adequate and comported with applicable standards of care and law.  Defendants admit

20   that they provided FDA-approved prescribing information regarding Bextra®.  Defendants

21   deny the remaining allegations in this paragraph of the Complaint, including all subparts.

22   107.    Defendants deny the allegations in this paragraph of the Complaint.

23   108.    Defendants state that Bextra® was and is safe and effective when used in accordance

24   with its FDA-approved prescribing information.  Defendants state that the potential effects of

25   Bextra® were and are adequately described in its FDA-approved prescribing information,

26   which was at all times adequate and comported with applicable standards of care and law.

27   Defendants admit that they provided FDA-approved prescribing information regarding

28   Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

109.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny any wrongful conduct the remaining allegations in this paragraph of the Complaint.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

112.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph Number 113 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fourth Cause of Action: Breach of Implied Warranty**

114.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

115.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

2    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

3    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

4    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

5    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

6    accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

7    paragraph of the Complaint.

8    116.    Defendants admit that they provided FDA-approved prescribing information regarding

9    Bextra®.  Defendants admit, as indicated in the package insert approved by the FDA, that

10   Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

11   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

12   that Bextra® was and is safe and effective when used in accordance with its FDA-approved

13   prescribing information.  Defendants deny the remaining allegations in this paragraph of the

14   Complaint.

15   117.    Defendants are without knowledge or information sufficient to form a belief as to the

16   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

17   Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

18   indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

19   arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

20   allegations in this paragraph of the Complaint.

21   118.    Defendants are without knowledge or information sufficient to form a belief as to the

22   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

23   Defendants state that Bextra® was and is safe and effective when used in accordance with its

24   FDA-approved prescribing information.  Defendants deny the remaining allegations in this

25   paragraph of the Complaint.

26   119.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

28   Defendants state that Bextra® was expected to reach consumers without substantial change in

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

the condition from the time of sale.   Defendants deny the remaining allegations in this paragraph of the Complaint.

120.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

121.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

122.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

123.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph Number 123 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

124.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

125.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required.   To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendants state that the potential effects of

1  Bextra® were and are adequately described in its FDA-approved prescribing information,

2  which was at all times adequate and comported with applicable standards of care and law.

3  Defendants deny the remaining allegations in this paragraph of the Complaint.

4  126.    Defendants state that Bextra® was and is safe and effective when used in accordance

5  with its FDA-approved prescribing information.  Defendants state that the potential effects of

6  Bextra® were and are adequately described in its FDA-approved prescribing information,

7  which was at all times adequate and comported with applicable standards of care and law.

8  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9  the Complaint, including all subparts.

10  127.    Defendants state that Bextra® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants state that the potential effects of

12  Bextra® were and are adequately described in its FDA-approved prescribing information,

13  which was at all times adequate and comported with applicable standards of care and law.

14  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15  the Complaint.

16  128.    Defendants state that Bextra® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Bextra® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

21  dangerous, and deny the remaining allegations in this paragraph of the Complaint.

22  129.    Defendants state that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants state that the potential effects of

24  Bextra® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27  the Complaint.

28  130.    Defendants deny any wrongful conduct and deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

paragraph of the Complaint.

131.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

135.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

136.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

137.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

138.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph Number 138 of the Complaint, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Unjust Enrichment**

139.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

140.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

141.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

142.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

143.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    paragraph of the Complaint.

2    144.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations regarding whether Plaintiff used Bextra® and, therefore, deny the same.

4    Defendants deny the remaining allegations in this paragraph of the Complaint.

5        Answering the unnumbered paragraph of the Complaint following Paragraph Number

6    144, Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

7    damage, and deny the remaining allegations in this paragraph of the Complaint.

8                    **Response to Prayer for Relief**

9        Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief,"

10   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damage,

11   and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

12                            **III.**

13                    **GENERAL DENIAL**

14       Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's

15   Complaint that have not been previously admitted, denied, or explained.

16                            **IV.**

17                  **AFFIRMATIVE DEFENSES**

18       Defendants reserve the right to rely upon any of the following or additional defenses to

19   claims asserted by Plaintiff to the extent that such defenses are supported by information

20   developed through discovery or evidence at trial.  Defendants affirmatively show that:

21                    **First Defense**

22   1.    The Complaint fails to state a claim upon which relief can be granted.

23                    **Second Defense**

24   2.    Bextra® is a prescription medical product.  The federal government has preempted the

25   field of law applicable to the labeling and warning of prescription medical products.

26   Defendants' labeling and warning of Bextra® was at all times in compliance with applicable

27   federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  which relief can be granted; such claims, if allowed, would conflict with applicable federal law

2  and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3  3.    At all relevant times, Defendants provided proper warnings, information, and

5  instructions for the drug in accordance with generally recognized and prevailing standards in

6  existence at the time.

### Fourth Defense

8  4.    At all relevant times, Defendants' warnings and instructions with respect to the use of

9  Bextra® conformed to the generally recognized, reasonably available, and reliable state of

10  knowledge at the time the drug was manufactured, marketed, and distributed.

### Fifth Defense

12  5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the

13  applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

15  6.    Plaintiff's action is barred by the statute of repose.

### Seventh Defense

17  7.    Plaintiff's claims against Defendants are barred to the extent Plaintiff was contributorily

18  negligent, actively negligent or otherwise failed to mitigate Plaintiff's damages, and any

19  recovery by Plaintiff should be diminished accordingly.

### Eighth Defense

21  8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or

22  omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

23  part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

24  liable in any way.

### Ninth Defense

26  9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

27  intervening causes for which Defendants cannot be liable.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiff.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Bextra® is a prescription medical product, available only on the order of a licensed physician. Bextra® provided an adequate warning to Plaintiff's treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Bextra® after the product left the control of Defendants and any liability of

Defendants is therefore barred.

### Seventeenth Defense

17.     Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

### Eighteenth Defense

18.     Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

### Nineteenth Defense

19.     Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.     Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.     Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.     The manufacture, distribution, and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

### Twenty-third Defense

23.     Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Twenty-fourth Defense

2      24.    Plaintiff's claims are barred in whole or in part because there is no private right of

3   action concerning matters regulated by the Food and Drug Administration under applicable

4   federal laws, regulations, and rules.

5

### Twenty-fifth Defense

6      25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate

7   "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

8   of Comment j to Section 402A of the Restatement (Second) of Torts.

9

### Twenty-sixth Defense

10      26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim

11   because Bextra® is a prescription pharmaceutical drug and falls within the ambit of

12   Restatement (Second) of Torts § 402A, Comment k.

13

### Twenty-seventh Defense

14      27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

15   product at issue "provides net benefits for a class of patients" within the meaning of Comment f

16   to § 6 of the Restatement (Third) of Torts: Products Liability.

17

### Twenty-eighth Defense

18      28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

19   Products Liability.

20

### Twenty-ninth Defense

21      29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead

22   facts sufficient under the law to justify an award of punitive damages.

23

### Thirtieth Defense

24      30.    Defendants affirmatively aver that the imposition of punitive damages in this case

25   would violate Defendants' rights to procedural due process under the Fourteenth Amendment of

26   the United States Constitution and the Constitutions of the States of Florida and California, and

27   would additionally violate Defendants' rights to substantive due process under the Fourteenth

28   Amendment of the United States Constitution.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Thirty-first Defense

2

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and

3

Fourteenth Amendments to the United States Constitution.

4

### Thirty-second Defense

5

32.    The imposition of punitive damages in this case would violate the First Amendment to

6

the United States Constitution.

7

### Thirty-third Defense

8

33.    Plaintiff's punitive damage claims are preempted by federal law.

9

### Thirty-fourth Defense

10

34.    In the event that reliance was placed upon Defendants' nonconformance to an express

11

representation, this action is barred as there was no reliance upon representations, if any, of

12

Defendants.

13

### Thirty-fifth Defense

14

35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance

15

to any express representation.

16

### Thirty-sixth Defense

17

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without

18

proof of causation, the claims violate Defendants' rights under the United States Constitution.

19

### Thirty-seventh Defense

20

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and

21

labeling with respect to the subject pharmaceutical products were not false or misleading and,

22

therefore, constitute protected commercial speech under the applicable provisions of the United

23

States Constitution.

24

### Thirty-eighth Defense

25

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly

26

caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

27

law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

28

protections afforded by the United States Constitution, the excessive fines clause of the Eighth

1   Amendment of the United States Constitution, the Commerce Clause of the United States

2   Constitution, and the Full Faith and Credit Clause of the United States Constitution, and

3   applicable provisions of the Constitutions of the States of Florida and California.   Any law,

4   statute, or other authority purporting to permit the recovery of punitive damages in this case is

5   unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks

6   constitutionally sufficient standards to guide and restrain the jury's discretion in determining

7   whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that

8   it failed to provide adequate advance notice as to what conduct will result in punitive damages;

9   (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied

10  with applicable law, or conduct that was not directed, or did not proximately cause harm, to

11  Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and

12  proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory

13  damages, if any; (5) permits jury consideration of net worth or other financial information

14  relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial

15  court in post-verdict review of any punitive damages awards; (7) lacks constitutionally

16  sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to

17  satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v.*

18  *Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S.

19  443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut.*

20  *Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

21  **Thirty-ninth Defense**

22  39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

23  and marketing of Bextra®, if any, used in this case, included adequate warnings and

24  instructions with respect to the product's use in the package insert and other literature, and

25  conformed to the generally recognized, reasonably available, and reliable state of the

26  knowledge at the time the product was marketed.

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Fortieth Defense

40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fourth Defense

44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiff.

### Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

1

### Forty-seventh Defense

2   47.    The claims asserted in the Complaint are barred, in whole or in part, because the

3   manufacturing, labeling, packaging, and any advertising of the product complied with the

4   applicable codes, standards and regulations established, adopted, promulgated or approved by

5   any applicable regulatory body, including but not limited to the United States, any state, and

6   any agency thereof.

7   ### Forty-eighth Defense

8   48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the

9   product labeling contained the information that Plaintiff contends should have been provided.

10  ### Forty-ninth Defense

11  49.    The claims asserted in the Complaint are barred because the utility of Bextra®

12  outweighed its risks.

13  ### Fiftieth Defense

14  50.    Plaintiff's damages, if any, are barred or limited by the payments received from

15  collateral sources.

16  ### Fifty-first Defense

17  51.    Defendants' liability, if any, can only be determined after the percentages of

18  responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

19  any, are determined.   Defendants seek an adjudication of the percentage of fault of the

20  claimants and each and every other person whose fault could have contributed to the alleged

21  injuries and damages, if any, of Plaintiff.

22  ### Fifty-second Defense

23  52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the

24  common law gives deference to discretionary actions by the United States Food and Drug

25  Administration under the Federal Food, Drug, and Cosmetic Act.

26  ### Fifty-third Defense

27  53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is

28  comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fourth Defense

54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

55.    Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

### Fifty-sixth Defense

56.    Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.  Therefore, Plaintiff's recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

58.    Plaintiff's fraud-based claims, if any, are not stated with particularity as required by Rule 1.120 of the Florida Rules of Civil Procedure.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Fifty-ninth Defense**

59.     Plaintiff's claims are barred because Bextra® was designed, manufactured, and marketed in accordance with the state of the art at the time of manufacture per § 768.1257, Florida Statutes.

**Sixtieth Defense**

60.     Bextra® is not defective or unreasonably dangerous, and Defendants are not liable because, at the time of sale or distribution of the Bextra® alleged to have been used by Plaintiff, Defendants had complied with applicable regulations of the federal Food & Drug Administration and are entitled to application of § 768.1256, Florida Statutes.

**Sixty-first Defense**

61.     Plaintiff's injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiff, or persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiff's recovery.  Thus, Defendants are entitled to have their liability to the Plaintiff, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of § 768.81, Florida Statutes.  To the extent any recovery is permitted in this case, pursuant to §§ 768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of Defendants' percentage of fault, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability.  The persons or entities referred to in this paragraph that are presently unknown to Defendants will be identified in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996).

**Sixty-second Defense**

62.     Plaintiff fails to state a claim for violation of The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

**Sixty-third Defense**

63.     FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiff's FDUTPA claim is improper and should be dismissed.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Sixty-fourth Defense**

2  64.    The acts or practices of which Plaintiff complains were and are required or specifically

3  permitted by federal or state law.  Therefore, Plaintiff's FDUTPA claim is barred, fails to state

4  a claim, and should be dismissed with prejudice.

5  **Sixty-fifth Defense**

6  65.    Plaintiff lacks standing because Defendants did not engage in deceptive conduct with

7  regard to Plaintiff or otherwise.

8  **Sixty-sixth Defense**

9  66.    Defendants reserve the right to supplement their assertion of defenses as they continue

10  with their factual investigation of Plaintiff's claims.

11  **V.**

12  **PRAYER**

13  WHEREFORE, Defendants pray for judgment as follows:

14  1.    That Plaintiff take nothing from Defendants by reason of the Complaint;

15  2.    That the Complaint be dismissed;

16  3.    That Defendants be awarded their costs for this lawsuit;

17  4.    That the trier of fact determine what percentage of the combined fault or other liability

18  of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries,

19  losses or damages is attributable to each person;

20  5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater

21  than an amount which equals their proportionate share, if any, of the total fault or other liability

22  which proximately caused Plaintiff's injuries and damages; and

23  6.    That Defendants have such other and further relief as the Court deems appropriate.

24

25

26

27

28

1    October 5, 2007                          GORDON & REES LLP

2

3                                              By:_____/c/_____

4                                                  Stuart M. Gordon
                                                   sgordon@gordonrees.com
5                                                  Embarcadero Center West
                                                   275 Battery Street, 20th Floor
6                                                  San Francisco, CA 94111
                                                   Telephone:  (415) 986-5900
7                                                  Fax:  (415) 986-8054

8
     October 5, 2007                          TUCKER ELLIS & WEST LLP
9                                              .

10

11                                             By:_____/c/_____

12                                                 Michael C. Zellers
                                                   michael.zellers@tuckerellis.com
13                                                 515 South Flower Street, Suite 4200
                                                   Los Angeles, CA  90071-2223
14                                                 Telephone:  (213) 430-3400
                                                   Fax:  (213) 430-3409

15                                                 Attorneys for Defendants
16                                                 PFIZER INC., PHARMACIA
                                                   CORPORATION, AND G.D. SEARLE
17                                                 LLC

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3:07-cv-02722-CRB

1

## JURY DEMAND

2      Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3   trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4   Procedure.

5   October 5, 2007                              GORDON & REES LLP

6

7                                               By:_____/c/_____

8                                               Stuart M. Gordon
                                                sgordon@gordonrees.com
9                                               Embarcadero Center West
                                                275 Battery Street, 20th Floor
10                                              San Francisco, CA 94111
                                                Telephone: (415) 986-5900
11                                              Fax: (415) 986-8054

12

13  October 5, 2007                             TUCKER ELLIS & WEST LLP

14

15                                              By:_____/c/_____

16                                              Michael C. Zellers
                                                michael.zellers@tuckerellis.com
17                                              515 South Flower Street, Suite 4200
                                                Los Angeles, CA 90071-2223
18                                              Telephone: (213) 430-3400
                                                Fax: (213) 430-3409

19                                              Attorneys for Defendants
20                                              PFIZER INC., PHARMACIA
                                                CORPORATION, AND G.D. SEARLE
21                                              LLC

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111